IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,<br>        Plaintiffs,<br>v.<br><br>BRETT MEIER, JENNIFER BLAND,<br>JANE DOE, a minor through her mother<br>and father and next friends, JULIE DOE and<br><br>        Defendants. | Case No. 2010C50129 |

## RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS ON DUTY TO DEFEND

NOW COMES the Defendant, JANE DOE, through her mother and father and next friends JULIE DOE and JOHN DOE, by and through her attorneys, HYZER, HYZER & JACOBS, and hereby joins the Rule 12(c) Motion and Supporting Memorandum for Judgment on the Pleadings on Duty to Defend Issue filed by the Defendant Bret Meier for the reasons set forth therein. Defendant JANE DOE, through her mother and father and next friends JULIE DOE and JOHN DOE, by and through her attorneys, HYZER, HYZER & JACOBS, hereby further moves this Court pursuant to Rule 12(c) for Judgment on the Pleadings on Duty to Defend Issue as to Jennifer Bland for the reasons set forth herein.

1. Defendant JANE DOE notes that the same arguments apply to coverage related to Jennifer Bland as Bret Meier and for the sake of brevity, all of the legal arguments contained in the Motion and supporting Memorandum filed by Bret Meier are restated and incorporated herein. To the extent that it is necessary to establish the factual allegations against Defendant Bland to support those legal arguments, the same are detailed in the following Motion and supporting Memorandum.

2. Jennifer Bland is a defendant in an underlying suit pending in the U.S. District Court for the Northern District of Illinois, Western Division, Case No. 2010 C 50047, styled *Doe v. Durand School District No. 322, et al.* (hereinafter referred to as the "underlying suit"). In that underlying action, Mr. Meier and another teacher, Jennifer Bland, are alleged to have engaged in various negligent and otherwise wrongful conduct with respect to the Plaintiff in the underlying suit, a student at Durand High School (Jane Doe). More particularly, in certain counts, Ms. Bland is alleged to have negligently failed to report ███████████████████████████████████████████████████████████████████████████████████████████████████████

3. Upon information and belief, Ms. Bland has tendered the defense of the underlying suit to Selective, which responded by filing this suit seeking a declaration that it has no duty to defend or indemnify Defendant Bland in the underlying suit.

4. Contrary to Selective's position, the insurance policies issued by Selective require, at a minimum, that Selective pay for Defendant Bland's defense in the underlying suit, since: a) the claims in the underlying suit include claims of negligence that are covered, or potentially covered, by the policies; and b) the policies contain both CGL coverage terms for negligence claims, as well as two special endorsements for claims based on ███████████████████

5. Under settled Illinois law, an insurance carrier is obligated to defend its insured against an entire suit even if only one count is covered or potentially covered. *Pipe Fitters Welfare Education Fund v. Westchester Fire Ins. Co.*, 976 F.2d 1037, 1040 (7th Cir. 1992); and *Fidelity & Casualty Co. of New York v. Nalco Chemical Co.*, 155 Ill.App.3d 730, 509 N.E.2d 446 (1st Dist. 1987); and *Capital Indemnity Corp. v. Elston Self Service Wholesale Groceries, Inc.*, 551 F.Supp.2d 711 (N.D. Ill. 2008).

6. The underlying suit contains a number of allegations and claims that are covered, or potentially covered, by the Selective policies. For example, the allegations from the underlying suit include the following:

   a. Paragraph 5 alleges that Plaintiff, Jane Doe was at all times relevant a student attending Durand High School.

   b. Paragraph 10 of the complaint alleges that Mr. Meier was working as an employee and agent of Durand School District 322, and a teacher for Durand High School, and is accordingly being sued in both her official and individual capacity. As such, Bland is an insured under the terms of the Selective policies.

   c. Paragraph 11 alleges that various defendants including Bland were "mandated reporters under the Illinois Abused and Neglected Child Reporting Act", which requires timely reporting of known, suspected or risk of child abuse or neglect.

   d. Paragraph 12 alleges that each of the defendants "was the authorized agent of each co-defendant and was acting within the course, scope and authority of such agency."

   e. Paragraph 13 alleges that "each defendant, when acting as a principal, authorized, ratified or affirmed each act or omission of each other Defendant acting as an agent".

   f. Paragraph 15 alleges that "defendants' conduct" (meaning all of the defendants) was actionable both because it ratified conduct and because it constituted a "failure to respond to Plaintiff's complaint."

   g. Significantly, Paragraphs 16 and 17 ██████████████████████
   ██████████████████████

h. Paragraphs 21 and 22 detail conduct that is not clearly excluded, ███████ ███████ but rather details ambiguous conduct that is arguably covered under Selective's policy, such as ██████████████████ ██████████████████

i. Paragraph 23 alleges that Bland's acts were performed "with deliberate indifference", and does not allege that they were performed intentionally.

j. Paragraph 27 alleges that at least one teacher notified the Durand School District 322 administration that Bland had students watch the film "Zack and Miri Make a Porno."

k. Paragraphs 26, 28 and 29 allege that various unnamed Durand School District 322 officials "with authority to rectify the situation" (which could potentially include Bland herself) had notice of the alleged acts committed by *another* teacher, Meier, and that those unnamed persons failed to take appropriate action to protect the Plaintiff.

l. Paragraph 31, does not allege intentional conduct by Bland, but instead alleges that she <u>failed to take necessary disciplinary actions</u> against "██████ ██████████████████████████; that she <u>failed to advise</u> the Plaintiff, Jane Doe, regarding the Title IX Student/Grievance procedure; and that she <u>failed to inform</u> the minor Plaintiff's parents about the ongoing harassment.

m. Paragraph 34 does not allege intentional acts, but rather, alleges that Bland "failed to make timely mandated reports" under various legal requirements.

n. Paragraphs 38 through 40 allege that Plaintiff, Jane Doe, suffered a variety of damages, including but not limited to bodily injury, mental and emotional distress, and economic injury in the form of medical expenses, additional costs to her education, and "general damages in an amount that has not been ascertained and that will be proven at trial."

7. Based on the record in this case, including the Amended Redacted Complaint, and Meier and Doe's Answer, as well as the underlying suit and insurance policies at issue that are exhibits to Selective's Complaint (which are the relevant pleadings for a Rule 12(c) motion for judgment on the pleadings), the duty to defend is ripe for adjudication pursuant to Rule 12(c). The issue of an insurer's duty to defend is a question of law for the court. *Great American Ins. Co. v. Helwig*, 419 F.Supp.2d 1017. (N.D.Ill.2006); *Cincinnati Ins. Co. v. Contemporary Distribution, Inc.*, 2010 WL 338943 (N.D.Ill.); *Valley Forge Ins. Co. v. Swiderski*, 223 Ill.2d 352, 860 N.E.2d 307 (2006); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 607 N.E.2d 1204 (1993).

8. Because the court's jurisdiction in this case is based on diversity, state law determines the scope of insurance coverage. *Native Am. Arts, Inc. v. Hartford Cas. Ins. Co.*, 435 F.3d 729, 731 (7th Cir. 2006).

9. Under settled Illinois law, the issue of an insurance carrier's duty to defend is a question of law, and is determined by comparing the facts from the underlying suit to the insurance policy language. The duty to defend arises if the facts alleged in the underlying suit fall within, *or potentially within*, the policy coverage. *Valley Forge Ins. Co.*, 223 Ill.2d at 263; *Outboard Marine Corp.*, 154 Ill.2d at 108.

10. The threshold for pleading a duty to defend is low, in considering the issue of the duty to defend, the court begins "with the deck stacked in favor of the insured". *Del Monte Fresh Produce N.A. Inc. v. Transp. Ins. Co.*, 500 F.3d 640, 643 (7th Cir. 2007).

11. Because the duty to defend is a legal question determined by comparing the allegations of the underlying suit to the insurance policy provisions, Doe respectfully requests that this court issue judgment on the pleadings at this time, pursuant to Rule 12(c), declaring and finding that Selective Insurance Company is obligated to provide a defense to Meier and Bland in the underlying suit, by paying defense counsel of their choosing to defend their interests in the underlying suit.

12. Pursuant to 28 USC § 2201, this court is empowered to issue a declaratory ruling in this case, and is empowered to enter judgment on the pleadings at this time on the issue of Selective's duty to defend, as there is an actual controversy between the parties with respect to that issue.

In the case at bar, Defendants Meier and Bland are former wage earning employees with little to no personal assets and currently facing criminal charges. In cases such as this where the Defendants are judgment proof, the only chance for meaningful recovery for the underlying tort Plaintiff is for the court to find that insurance coverage would apply. Therefore, Jane Doe through her mother and father and next friends JULIE DOE and JOHN DOE pleads for this Court to consider the deck stacked in her favor and find coverage in the case at bar. *Del Monte Fresh Produce N.A. Inc. v. Transp. Ins. Co.*, 500 F.3d 640, 643 (7th Cir. 2007).

WHEREFORE, Defendant, Jane Doe through her mother and father and next friends JULIE DOE and JOHN DOE respectfully request that this court grant her motion for judgment on the pleadings, pursuant to Rule 12(c), and enter a declaratory judgment at this time:

A) Finding and adjudicating that Plaintiff, Selective Insurance Company of South Carolina, has a duty to defend Meier and Bland in the underlying suit based on the terms of the primary and /or umbrella policies;

B) Finding and adjudicating that, as a result of the conflict of interest between his interests and those of Selective, by virtue of the types of claims in the underlying suit, and by virtue of the coverage positions taken by Selective in this action, Selective is not allowed to select defense counsel for Meier and Bland, but is required to discharge its duty to defend Meier and Bland by paying the reasonable cost of his defense in the underlying suit, to *Peppers* defense counsel of his choosing;

C) Staying the remaining issue of indemnity in this suit, pending a resolution of the underlying suit; and

D) For any other and further relief this court deems just and appropriate.

DATED: August 10, 2010

>Jane Doe through her mother and father and next friends JULIE DOE and JOHN DOE, Defendant
>BY: HYZER, HYZER & JACOBS
>
>BY: /S/ Kaycee I. Chadwick

PREPARED BY:
Attorney Kaycee I. Chadwick
HYZER, HYZER & JACOBS
855 N. Madison Street
Rockford, IL 61107
(815) 965-3600
kchadwick@hyzerlaw.com